IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ADVANCED REHAB AND MEDICAL,
P.C., Individually and as the Representative
of a Class of Similarly-Situated Persons,

    Plaintiff,

v.                                                   No. 1:17-cv-01149-JDB-egb

AMEDISYS HOLDING, L.L.C.,

    Defendant.

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S FIRST AMENDED
"PLACEHOLDER" MOTION FOR CLASS CERTIFICATION

The initial complaint in this matter was filed on August 4, 2017, by Advanced Rehab and Medical, P.C. ("Advanced Rehab"), individually and as the representative of a class of similarly-situated persons, against Comprehensive Home Healthcare Services, Inc.; Amedisys, Inc.; Amedisys Sp-Tn, L.L.C.; Amedisys Tennessee, L.L.C.; HHC, L.L.C. d/b/a Amedisys Health Care; and John Does One Through Five, alleging violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. (Docket Entry ("D.E.") 1.) On the same day, the Plaintiff filed a "placeholder" motion for class certification. (D.E. 2.) On January 31, 2018, Advanced Rehab amended its complaint, naming Amedisys Holding, L.L.C. ("Amedisys") as the sole Defendant. (D.E. 32.) As was the case with the original complaint, the amended pleading was accompanied by an amended "placeholder" motion for class certification."[1] (D.E. 33.)

---

[1] Upon filing of the amended motion, D.E. 2 was denied as moot. (D.E. 36.)

The stated purpose of the instant motion was to avert a buy-off attempt by the Defendant, a tactic sometimes utilized by class-action defendants to prevent a case from proceeding to a determination on class certification by mooting the named plaintiff's claims through an offer of only individual, rather than class-wide, relief. Advanced Rehab asks the Court to allow the motion to "remain pending" to protect it from any such attempt. By way of response, Amedisys argues the request should be denied, as it is by Plaintiff's own admission premature.

In *Wilson v. Gordon*, 822 F.3d 934 (6th Cir.), *reh'g en banc denied* (Aug. 1, 2016), the Sixth Circuit Court of Appeals recognized that, ordinarily, when the named plaintiff's claim becomes moot prior to class certification, "dismissal of the action is required." *Wilson*, 822 F.3d at 942. An exception to this general rule exists, however, "where a defendant picks off named plaintiffs in a class action before the class is certified." *Id.* at 947. As the United States Supreme Court articulated in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980),

> [t]o deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover, it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

*Roper*, 445 U.S. at 339; *Wilson*, 822 F.3d at 947 (quoting *Roper*).

Thus, because *Wilson* forecloses the ability of Amedisys to moot Advanced Rehab's class action by "picking off" its individual claim, no placeholder motion is necessary. *See Garner Props & Mgmt., LLC v. Marblecast of Mich., Inc.*, No. 17-11439, 2017 WL 5063681, at *1 (E.D. Mich. May 9, 2017) (pursuant to *Wilson*, the plaintiff's class action would not become moot even if the defendant picked off its individual claims; therefore, placeholder motion unnecessary); *see*

*also Sobol v. Imprimis Pharm., Inc.*, No. 16-14339, 2016 WL 9488978, at *1 (E.D. Mich. Dec. 15, 2016) (same).

Moreover, "[c]ourts typically dismiss 'placeholder' motion[s] for class certification as premature." *Progressive Health & Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp. 3d 941, 949 (S.D. Ohio 2017); *see also Vinny's Landscaping, Inc. v. United Auto Credit Corp.*, No. 16-10275, 2016 WL 9223839, at *1 (E.D. Mich. Jan. 27, 2016) ("there is neither a procedural rule nor any Sixth Circuit authority that allows for the filing of such premature, 'placeholder motions.'"). "A court need not hold in abeyance a class certification motion which the plaintiff intentionally filed prematurely." *Strategy Anesthesia*, 271 F. Supp. 3d at 950.

For the reasons set forth herein, the Plaintiff's "placeholder" motion for class certification is DENIED without prejudice.

IT IS SO ORDERED this 1st day of March 2018.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE