IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ADVANCED REHAB AND MEDICAL,
P.C.,

    Plaintiff,

v.                                              No. 1:17-cv-01149-JDB-egb

AMEDISYS HOLDING, LLC,

    Defendant.

---

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

---

INTRODUCTION

In its first amended class action complaint filed January 31, 2018, against the Defendant, Amedisys Holding, LLC ("Amedisys"), the Plaintiff, Advanced Rehab and Medical, P.C. ("Advanced Rehab"), individually and as the representative of a class of similarly-situated persons,[1] alleged violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227 (collectively, the "Act"). (Docket Entry ("D.E.") 32.) Before the Court is the motion of the Defendant for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 43.)

---

[1] Contemporaneously with its initial complaint filed August 4, 2017, the Plaintiff filed a "placeholder" motion for class certification. (D.E. 2.) Its amended complaint was accompanied by an amended placeholder motion. (D.E. 33.) In an order entered March 1, 2018, the Court denied the amended motion without prejudice, noting that the filing of the amended motion rendered the original request moot. (D.E. 42.) Since entry of the Court's order, Advanced Rehab has not again sought class certification.

UNDISPUTED MATERIAL FACTS

The following material facts are undisputed for purposes of summary judgment. Amedisys, a provider of home health care and hospice services, received referrals from physicians and health care clinics who determined their patients were in need of such care. In an effort to facilitate those referrals, Defendant routinely sent facsimile transmissions to health care providers from whom it had received prior referrals.

The transmissions at issue in the amended pleading contained an "opt-out" notice (the "Opt-Out Notice" or "Notice") which read as follows:

> You may request not to receive future faxes from us. To stop receiving our faxes, please call (888) 755-2327 or send a fax to (855) 782-6508. You must include the specific telephone number of the fax machine(s) at which you do not wish to receive faxes. Failure to comply with your request within 30 days is unlawful.

(D.E. 43-1, Aff. of Lauren Cutrer[2] ¶ 9, at PageID 228.) The Opt-Out Notice appeared at the bottom of each page next to a graphic of a check box.

STANDARD OF REVIEW

Rule 56 provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists where there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Lang v. City of Kalamazoo*, ___ F. App'x ___, 2018 WL 3737981, at *2 (6th Cir. Aug. 6, 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) (internal quotation marks omitted). In ruling on such motions, the court is to "draw all inferences in the light most favorable to the nonmoving party." *Rogers v. Henry Ford Health Sys.*, ___ F.3d ___, 2018 WL 3629057, at *5

---

[2] According to her affidavit, Cutrer is director of marketing for Amedisys. (D.E. 43-1, ¶ 2, at PageID 227.)

(6th Cir. July 31, 2018) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,587 (1986)). "The nonmovant must present specific facts showing that there is a genuine issue for trial, and a scintilla of evidence will not suffice." *Brax v. City of Grand Rapids, Mich.*, ___ F. App'x ___, 2018 WL 3526232, at*3 (6th Cir. July 23, 2018) (internal quotation marks omitted).

ARGUMENTS OF THE PARTIES AND ANALYSIS

Advanced Rehab has alleged, among other things, that the Opt-Out Notice violated the Act. In the instant motion, the Defendant seeks partial summary judgment as to its compliance with the statutory notice provisions in an effort to streamline the substantive and class issues before the Court in this case.

In 1991, "[v]oluminous consumer complaints about abuses of telephone technology . . . prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71 (2012). To address the growing proliferation of these practices, considered to be invasions of consumer privacy, the TCPA banned certain activities and directed the Federal Communications Commission (the "FCC" or "Commission") to prescribe implementing regulations. *Id.* at 371; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3787, 3788 (2006). In 2005, Congress passed the JFPA, which amended the TCPA to, among other things, codify the circumstances under which an opt-out request complied with the TCPA's provisions. *In the Matter of Rules & Regulations*, 21 F.C.C.R. at 3790-91.

Relevant to the issues to be ruled upon in the instant motion,[3] the Act prohibits the "use [of] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless . . . the unsolicited advertisement contains a notice meeting the requirements" set forth in § 227(b)(2)(D). 47 U.S.C. § 227(b)(1)(C)(iii). Subparagraph (2)(D) states that "a notice contained in an unsolicited advertisement complies with the requirements" of the Act "only if . . . (i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement, . . . (iii) the notice sets forth the requirements for a request under [§ 227(b)(2)(E)], . . . [and] (vi) the notice complies with the requirements of [§ 227(d)]." 47 U.S.C. § 227(b)(2)(D); *see also* 47 C.F.R. § 64.1200(a)(4)(iii).

> Subparagraph (E) requires that the Commission provide, by rule, that a request not to send future unsolicited advertisements to a telephone facsimile machine complies with the requirements under this subparagraph only if --
>
> (i) the request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates;
>
> (ii) the request is made to the telephone or facsimile number of the sender of such an unsolicited advertisement provided pursuant to subparagraph (D)(iv) or by any other method of communication as determined by the Commission; and
>
> (iii) the person making the request has not, subsequent to such request, provided express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at such telephone facsimile machine[.]

47 U.S.C. § 227(b)(2)(E). Under the implementing regulation,

---

[3] As specifically enumerated and discussed more fully below, the Plaintiff, in its response to the motion, chose to address only some of the notice requirements on which Amedisys sought partial summary judgment, while ignoring others. The Court assumes, therefore, that Advanced Rehab does not challenge a grant of partial summary judgment on those issues to which it did not respond.

> [a] request not to send future unsolicited advertisements to a telephone facsimile machine complies with the requirements under this subparagraph only if --
>
> > (A) The request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates;
> >
> > (B) The request is made to the telephone number, facsimile number, Web site address or email address identified in the sender's facsimile advertisement; and
> >
> > (C) The person making the request has not, subsequent to such request, provided express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at such telephone facsimile machine

47 C.F.R. § 64.1200(a)(4)(v).

Subparagraph (d), cited in § 227(b)(2)(D)(vi), makes it unlawful

> to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual.

47 U.S.C. § 227(d)(1)(B).

In response to the motion, Plaintiff seeks denial of the relief sought as to (1) whether the Opt-Out Notice was "clear and conspicuous," (2) whether the Notice set forth the requirements for a proper opt-out request, and (3) whether the Notice complied with the requirements of § 227(d). The Court will address each of these arguments in turn.

*Was the Opt-Out Notice "Clear and Conspicuous" in Accordance with § 227(b)(2)(D)(i)?*

Although the term "clear and conspicuous" is not defined in the Act, the FCC offered some guidance in a 2006 order:

> 25. . . . Some commenters argue that as long as the notice is on the first page and is apparent to a reasonable consumer, the Commission should not further define what will be considered "clear and conspicuous." Others urge the Commission to provide specific guidance to ensure consumers are aware of their opt-out rights and

> sending parties have standards by which they can comply with the law. We are persuaded that rules specifying the font type, size and wording of the notice might interfere with fax senders' ability to design notices that serve their customers. However, we make some additional determinations about the opt-out notice so that facsimile recipients have the information necessary to avoid future unwanted faxes.
>
> 26. Consistent with the definition in our truth-in-billing rules, "clear and conspicuous" for purposes of the opt-out notice means a notice that would be apparent to a reasonable consumer. We also conclude that the notice must be separate from the advertising copy or other disclosures and placed at either the top or bottom of the fax. Many facsimile advertisements today contain text covering the entire sheet of paper, making it difficult to see an opt-out notice that is placed amongst the advertising material. Thus, the notice must be distinguishable from the advertising material through, for example, use of bolding, italics, different font, or the like. We clarify that, in accordance with the Junk Fax Prevention Act, if there are several pages to the fax, the first page of the advertisement must contain the opt-out notice.

*In the Matter of Rules & Regulations*, 21 F.C.C.R. at 3801 (footnotes omitted). Such orders are entitled to deference by the federal courts. *See Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 883 F.3d 459, 464-66 (4th Cir. 2018), *petition for cert. docketed* (No. 17-1705) (U.S. June 26, 2018).

The parties disagree as to whether the question of conspicuousness is one of law or fact. The Court is unaware of any Sixth Circuit authority addressing this issue with respect to the TCPA. Conspicuousness in other contexts, including the Fair Credit Reporting Act, the Truth in Lending Act ("TILA"), and the Uniform Commercial Code, has been considered by courts to be a question of law. *See Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 696-97 (S.D. Ohio 2010) (collecting cases); *see also Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 514-15 (7th Cir. 1999) (Easterbrook, C.J.) (finding "clear and conspicuous" under the [TILA] was a question of law for the court to determine, as, in accordance with the statute's objective reasonableness approach, "[w]hat is more conspicuous than any other disclosure depends on the contents of the form, not on how it affects any particular reader.").

Advanced Rehab insists, however, that the question here is factual, directing the Court's attention to *Davies v. W.W. Grainger, Inc.*, Case No. 13-cv-03546, 2016 WL 6833902 (N.D. Ill. Nov. 21, 2016). The issue before the court in *Davies* on cross motions for summary judgment was whether the opt-out notice on a facsimile advertisement sent from W.W. Grainger to Davies was clear and conspicuous under the TCPA. *Davies*, 2016 WL 6833902, at*1, 4. Davies, as did the Defendant in this case, relied on *Smith* for the proposition that the question was a legal one. *Id.* The district court, while finding its reasoning sound, dismissed *Smith* out of hand as it dealt with TILA rather than the TCPA. *Id.* at *4. Instead, the *Davies* court analyzed the matter before it in light of *Hana Financial, Inc. v. Hana Bank*, 135 S. Ct. 907 (2015).

*Hana* arose from a trademark dispute over "tacking," a doctrine under which a "party may clothe a new [trade]mark with the priority position of an older mark." *Hana Fin.*, 135 S. Ct. at 909. The United States Supreme Court, resolving a circuit split in which the Sixth Circuit fell on the side of evaluating tacking as a legal question, noted that "[a]pplication of a test that relies upon an ordinary consumer's understanding of the impression that a mark conveys falls comfortably within the ken of a jury," adding that, "[i]ndeed, we have long recognized across a variety of doctrinal contexts that, when the relevant question is how an ordinary person or community would make an assessment, the jury is generally the decisionmaker that ought to provide the fact-intensive answer." *Id.* at 911. The Court cautioned, however, that it did not mean "that a judge may never determine whether two marks may be tacked. If the facts warrant it, a judge may decide a tacking question on a motion for summary judgment or for judgment as a matter of law." *Id.*

Based on *Hana*, the *Davies* court concluded that whether the opt-out notice before it was clear and conspicuous was a mixed question of law and fact. *Davies*, 2016 WL 6833902, at *4. The court specifically found there were issues of fact regarding the proximity of the notice to the

7

advertising text and the similarity in font size between the two, both of which appeared to be inconsistent with the FCC's 2006 order, as well as a dispute concerning the accuracy of an analysis conducted by defendant's expert who concluded the notice was clear and conspicuous. *Id.* at *5. Therefore, as there was insufficient evidence to support judgment as a matter of law for either party and material issues were in dispute, summary judgment was inappropriate. *Id.* at *4-5.

Unlike the parties in *Davies*, Plaintiff has pointed to nothing about the conspicuousness of the Opt-Out Notice that raises a genuine issue of material fact. While it complains that the type font used in the Notice was small, the 2006 FCC order stated only that the notice must be "distinguishable" from the advertising text through the "use of bolding, italics, different font, or the like." *In the Matter of Rules & Regulations*, 21 F.C.C.R. at 3801. On the faxes at issue here, copies of which have been provided to the Court, the Opt-Out Notice appearing on the first page, the only page on which Amedisys was mandated to place the notice, utilized a smaller, and therefore different, font than was used for the advertisement text, which is what the FCC requires. In arguing that the type was *too* small to support a judgment for Amedisys, Plaintiff cites to a TILA case from the Seventh Circuit, *Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803 (7th Cir. 2001), in which the court found that the defendant was not entitled to judgment because a disclosure was "set forth in the smallest type on the form, which is so minuscule as to be barely legible." *Lifanda*, 237 F.3d at 808. The court articulated that "[a]lthough the district court notes that TILA does not mandate any minimum type size, it simply does not follow that type size is irrelevant to a determination of whether a disclosure is 'conspicuous.' If the term 'conspicuous' is to retain any meaning at all, it cannot be met as a matter of law by type disproportionately small to that in the rest of the document, and which is itself barely legible." *Id.* However, there has been no showing

in this case, nor does it appear to the Court, that the font used in the Opt-Out Notice was "minuscule" or "barely legible." *Id.*

Accordingly, the Court finds, as a matter of law, that the Notice was clear and conspicuous for purposes of the TCPA. The Defendant's motion for summary judgment on that issue is GRANTED.

*Did the Notice Set Forth the Requirements of an Opt-Out Request Pursuant to §§ 227(b)(2)(D)(iii) and 227(b)(2)(E)?*

Advanced Rehab argues Amedisys has not shown as a matter of law that it fully complied with all the requirements of § 227(b)(2)(E), as it must under § 227(b)(2)(D)(iii). Plaintiff concedes that the Notice adequately set forth the first requirement, found in subparagraph (E)(i), that a request for opt-out identify the telephone and/or fax machine numbers to which the request applies. With respect to subparagraph (E)(ii), however, Plaintiff submits that it was not enough to advise the recipient that requests were to be made to a particular telephone or fax number. Rather, it had to state that calling these numbers was the *only* way to request an opt-out, *i.e.*, that the request is compliant *only if* the stated methods are used. *See* 47 U.S.C. § 227(b)(2)(E)(ii). Advanced Rehab points to no case authority to support the notion that certain words must be used.

In *Landsman & Funk, P.C. v. Lorman Business Center, Inc.*, No. 08-cv-481-bbc, 2009 WL 602019 (W.D. Wis. Mar. 9, 2009), cited by the Defendant, the fax advertisements at issue contained the following opt-out notice:

> You may ask us not to send future advertisements to you by emailing us at customerlist@lorman.com, calling us at (877) 659-2233, or faxing your request to (715) 833-3953. Please follow the instructions provided to opt-out from receiving future faxes. For us to be able to honor this request, you must include the name of the person (or persons) and fax number (or numbers) you wish to opt-out. Failure to comply within a reasonable time with a request to opt-out would be unlawful.

9

*Landsman & Funk*, 2009 WL 602019, at *2. The court rejected as "an unpersuasive game of semantics" plaintiff's assertion that the notice failed to inform recipients that an opt-out request must be in a specific form, as the notice made clear that a request would not be honored unless it was sent to the defendant through one of the enumerated options. *Id.* at *7.[4] As previously noted herein, the FCC has made it clear that no specific wording is required. *See In the Matter of Rules & Regulations,* 21 F.C.C.R. at 3801. The Court is unpersuaded by the Plaintiff's position. Accordingly, summary judgment with respect to subparagraph (E)(ii) is GRANTED.

Subparagraph (E)(iii) is another matter. Amedisys has proffered no argument as to whether the Notice satisfied this subparagraph.[5,6] Thus, the Court is unable to determine if relief is appropriate. The motion for summary judgment based on this subparagraph is, therefore, DENIED.

---

[4]In *Response Card Marketing, Inc.,* 27 F.C.C.R. 3895, 3898 (2012), the FCC explained that the relevant regulations

> require[] that the notice include requirements . . . for the recipient to follow in making an opt-out request. These requirements include that the request identify the particular telephone number of the facsimile machine to which the request relates; that the request is made to the telephone number, facsimile machine, website, or email address identified in the sender's fax; and that the recipient has not, subsequent to his or her request, authorized the sender to send a fax to him or her at the number indicated in the request.

Like the court in *Landsman*, the agency did not mandate use of the "only" language Advanced Rehab insists is required.

[5]The *Landsman* court did not specifically discuss subparagraph E(iii).

[6]*See, e.g., Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, Civil Action No. 17-2161, 2018 WL 733216, at *4 (E.D. La. Feb. 6, 2018) ("In order for an opt-out notice to be compliant, it must: . . . [i]nstruct the recipient that an opt-out request is valid only if the recipient . . . does not expressly invite fax advertisements thereafter," citing 47 U.S.C. § 227(b)(2)(E)).

*Did the Notice Comply with § 227(d)(1)(B)?*

Finally, Plaintiff claims that the Opt-Out Notice failed to comport with § 227(d)(1)(B).[7] Advanced Rehab submits that, as § 227(b)(2)(D) provides that the *notice*, as opposed to the transmission in general, complies with the Act only if the requirements of subparagraph (d) are satisfied, the information required by the subparagraph must be contained in the notice itself. Because the § 227(d)(1)(B) information here appeared at the top of the page and the Notice was placed at the bottom, the argument goes, Amedisys has failed to establish the *notice* was sufficient as a matter of law. Once again, the nonmovant cites to no case authority to support its assertion. However, the Defendant offers little in the way of substantive argument in support of summary judgment. Accordingly, based on the dearth of briefing on this subject by either party, the Court is uninclined to grant summary judgment.

CONCLUSION

For the reasons articulated herein, the Defendant's motion for summary judgment is DENIED as to the issues involving 47 U.S.C. §§ 227(b)(2)(E)(iii) and (d)(1)(B) and is GRANTED as to the remainder.

IT IS SO ORDERED this 15th day of August 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[7]Defendant argues in a footnote that there is no private right of action under subparagraph (d). While it is correct, *see Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 745 (6th Cir. 2013); *Charvat v. NMP, LLC*, 656 F.3d 440, 449-50 (6th Cir. 2011); *Cunningham v. Kondaur Capital,* No. 3:14-1574, 2014 WL 8335868, at *4 n.3 (M.D. Tenn. Nov. 19, 2014), *report & recommendation adopted* 2015 WL 1412737 (M.D. Tenn. Mar. 26, 2015), the Court does not read the amended complaint as setting forth a separate, independent claim under § 227(d). Instead, it asserts a claim under § 227(b). The fact that § 227(b)(2)(D) incorporates the requirements contained in subparagraph (d) does not, in the Court's view, convert a claim originating under § 227(b) into a § 227(d) claim. *See Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 285-86 (S.D.N.Y. 2013).