IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ADVANCED REHAB AND MEDICAL, P.C., Individually and as the representative of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> AMEDISYS HOLDING, LLC, <br><br> Defendants. | Case No. 1:17-cv-01149-JDB-jay <br><br> Hon. J. Daniel Breen <br> Magistrate Judge Jon A. York |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO MODIFY CLASS

On June 3, 2020, the Court entered an Order on Defendant's Motion to Modify Class Definition and requested supplemental briefing from the parties. (D.E. No. 97). In its Order, the Court instructed the parties to address three questions:

1. Whether the Bureau's declaratory ruling is a "final order" subject to the Hobbs Act;

2. If so, whether the Bureau's ruling is a "legislative" or "interpretive" rule, and whether Plaintiff had a "prior" and "adequate" opportunity to seek judicial review; and

3. If the Bureau's ruling is not a final order or legislative rule, or if Plaintiff was not afforded a prior and adequate opportunity for judicial review, then what deference, if any, should the Court afford to the agency's interpretation.

Amedisys's responses to the questions presented by the Court are set forth below.

**1.   Whether the Bureau's declaratory ruling is a "final order" subject to the Hobbs Act?**

The *Amerifactors* Ruling, standing alone, is not a "final order" subject to the Hobbs Act. The declaration regarding the scope of the coverage of the TCPA in the *Amerifactors* Ruling when combined with the 2003 Federal Communications Commission Order that it clarifies does

provide a "final order" stating that the TCPA is inapplicable to facsimile messages sent or received over the internet.

In the *Amerifactors* Ruling, the Consumer and Governmental Affairs Bureau "ma[d]e clear that an online fax service that effectively receives faxes 'sent as email over the Internet' and is not itself 'equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition." (D.E. No. 88-2, ¶ 3). In *Amerifactors*, the Bureau examined the full Commission's 2003 Order in which the FCC determined that the TCPA is inapplicable to facsimile messages "sent as an email over the Internet" and pointed out that the full FCC "made clear" in the 2003 Order that online fax services were exempted from the TCPA's scope. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket 02-278, 18 FCC Rcd 14014, 14133, ¶¶ 5, 200 (2003) (hereinafter the "2003 TCPA Order"). The 2003 TCPA Order is indeed a "final order" subject to the Hobbs Act. *See* 28 U.S.C. § 2344 (providing that "[a]ny party aggrieved" may bring such a challenge in the court of appeals "within 60 days after" the entry of the FCC order in question); *see also PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051, 2055, 204 L. Ed. 2d 433 (2019).

Amerifactors filed its Petition for Expedited Declaratory Ruling (the "Amerifactors Petition") on July 13, 2017. In its Petition, Amerifactors noted that, while the 2003 TCPA Order excluded facsimile message sent as email over the internet, the FCC had, as of that date, offered "[n]o further explanation" of what precisely constituted a facsimile message sent over the internet. *Amerifactors* Petition, p. 6. Indeed, as the Bureau noted in the *Amerifactors* Ruling, the *Amerifactors* Petition "ask[ed] the Commission ***to clarify*** that faxes sent to 'online fax services' are not faxes sent to 'telephone facsimile machines.'" S*ee Amerifactors* Ruling, ¶ 2 (emphasis

2

added). The Bureau also noted that "several commenters … support ***clarification*** of this issue." *Id*. at ¶ 9 (emphasis added). In short, the *Amerifactors* Petition and subsequent Ruling are inextricably tied to the 2003 FCC Order, which is final.

In the *Amerifactors* Ruling, the Bureau examined existing technology and determined that "online fax services" are indeed "facsimile messages sent as email over the Internet" and are therefore excluded from the TCPA pursuant to the 2003 TCPA Order. *Amerifactors* Ruling, ¶ 11 ("Faxes sent to online fax services via an attachment that the consumer can delete without printing are effectively the same as 'email sent over the Internet.'") (quoting 2003 TCPA Order). The 2003 TCPA Order is clearly a "final order" for Hobbs Act purposes, and thus the exclusion of online fax services from coverage of the TCPA (as explained and confirmed in *Amerifactors*) is binding.

2. **Whether the Bureau's ruling is a "legislative" or "interpretive" rule, and whether Plaintiff had a "prior" and "adequate" opportunity to seek judicial review?**

The 2003 TCPA Order is indeed a legislative rule which was issued by the FCC "pursuant to statutory authority" and has the force and effect of law. According to the Supreme Court of the United States, "Legislative, or substantive, regulations are 'issued by an agency pursuant to statutory authority and … implement the statute …. Such rules have the force and effect of law.'" *Batterton v. Francis*, 432 U.S. 416, 425 n. 9, 97 S.Ct. 2399, 2405 n. 9, 53 L.Ed.2d 448 (1977) (quoting U.S. Dept. of Justice, Attorney General's Manual on the Administrative Procedure Act p. 30, n. 3 (1947)). Consequently, a "court is not at liberty to substitute its own discretion for that of administrative officers who have kept within the bounds of their administrative powers." *Am. Tel. & Tel. Co. v. United States*, 299 U.S. 232, 236, 57 S. Ct. 170, 172, 81 L. Ed. 142 (1936).

As noted above in responding to question 1, the *Amerifactors* Ruling then clarified application of the coverage of the TCPA from the 2003 Order with respect to online fax services. This, too, is legislative, for the Bureau was acting pursuant to delegated authority from the Commission, which in turn was acting pursuant to authority delegated by statute.

Congress has delegated to the FCC the "authority to promulgate **binding legal rules**" to carry out the provisions of the TCPA. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980–81, 125 S.Ct. 2688, 2699, 162 L.Ed.2d 820 (2005) (emphasis added); TCPA, 47 U.S.C. § 227(b)(2) (2006). Pursuant to this authority, the FCC has adopted rules regulating the use of fax machines. *See, e.g.*, *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (1992); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391 (1995); 2003 TCPA Order.

In addition, the FCC has delegated to the Consumer and Governmental Affairs Bureau "matters pertaining to consumers and governmental affairs. *This includes* policy development and coordination as well as *adjudication and rulemaking*." 47 C.F.R. § 0.141 (2011) (emphasis added), pursuant to authority granted in 47 U.S.C. § 155(c)(3) ("Any order, decision, report or action made or taken pursuant to any such delegation [by the Commission], unless reviewed [by the Commission] as provided in paragraph (4) of this subsection, shall have the same force and effect, and shall be made, evidenced, and enforced in the same manner, as orders, decision, reports, or other actions of the Commission.").

When acting pursuant to this delegation, the actions of the Consumer and Governmental Affairs Bureau are entitled to the same weight as the actions of the Commission itself. "When, as here, Congress has expressly permitted delegation of authority by statute, *see* 47 U.S.C. § 155(c), and the agency delegates authority to a subdivision, 'the decision of the subdivision is

entitled to the same degree of deference as if it were made by the agency itself*.*" *Indiana Bell Telephone Co. v. McCarty*, 362 F.3d 378, 387 (7th Cir. en banc 2004) (citations omitted), *quoted with approval in MCI Communications Corp. v. Ohio Bell Telephone Co.*, 376 F.3d 539, 550 (6th Cir. 2004).

In short, the 2003 TCPA Order of the full Commission that was clarified in the 2019 *Amerifactors* Ruling of the Consumer and Governmental Affairs Bureau was promulgated pursuant to statutory authority and its provisions are entitled to the force and effect of law. The 2019 *Amerifactors* Ruling clarifies the understanding of the Consumer and Governmental Affairs Bureau—the FCC entity charged with day in and day out interpretation and enforcement of the TCPA provisions—of the binding 2003 TCPA Order.

The Court also asks whether Advanced Rehab had a prior or adequate opportunity to seek judicial relief. According to the Supreme Court, "[u]nder the Hobbs Act, when the FCC issues certain regulations, **any** 'party aggrieved' has 60 days to 'file a petition to review the order in the court of appeals.'" *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc*., 139 S. Ct. 2051, 2059, 204 L. Ed. 2d 433 (2019) (quoting § 2344) (emphasis added). And, while Advanced Rehab was not a formal party in the prior FCC proceedings or in *Amerifactors*, Advanced Rehab's counsel has been heavily involved in the *Amerifactors* matter in the FCC. The same arguments advanced by Advanced Rehab herein, were advanced by Advanced Rehab's counsel in *Amerifactors*. Accordingly, through its counsel Advanced Rehab had a prior and adequate opportunity to seek judicial review, but did not. Moreover, arguments that Advanced Rehab might have advanced were and are being advanced in the attempt by multiple parties, including those represented by Advanced Rehab's counsel here, via petitioning the full Commission to re-examine the *Amerifactors* Ruling. *See* Application for Review of *Amerifactors* Ruling by Career Counseling, Inc., submitted by Glenn L. Hara and Brian J. Wanca of Anderson+Wanca

(submitted to FCC January 8, 2020) (copy submitted in present case by Advanced Rehab at Doc. 91-1, pp. 33-59 (Exh. D)).

In addition, the statutory authority delegating authority to the Bureau expressly provides that "[a]ny person aggrieved by any such order, decision, report or action may file an application for review by the Commission within such time and in such manner as the Commission shall prescribe, and every such application shall be passed upon by the Commission." 47 U.S.C. § 155(c)(4). Advanced Rehab thus had the ability, alongside any of the other aggrieved persons seeking review of the Bureau decision, to seek further review before the Commission.

3. **If the Bureau's ruling is not a final order or legislative rule, or if Plaintiff was not afforded a prior and adequate opportunity for judicial review, then what deference, if any, should the Court afford to the agency's interpretation?**

Even if the language examined from the 2003 Order and clarified in *Amerifactors* were somehow not binding upon this Court pursuant to the Hobbs Act, at a bare minimum the December 2019 formal pronouncement of the Bureau of the Federal Communications Commission most directly involved with interpretation and enforcement of the facsimile provisions of the TCPA, and of the extent of the TCPA's coverage, is plainly worthy of consideration by this Court.

Within the Sixth Circuit, Bureau-level interpretations are entitled to deference and are persuasive authority, even if not preclusive. *See, e.g.*, *MCI Telecommunications Corp. v. Ohio Bell Telephone Co.*, 376 F.3d 539, 550 (6th Cir. 2004) ("As the Seventh Circuit recently held, the Bureau's interpretation should be afforded deference . . . ."), *quoting with approval*, *Indiana Bell Telephone Company v McCarty*, 362 F.3d 378, 386 (7th Cir. en banc 2004) ("We find the [Bureau's] expertise in this area, not only persuasive, given the Act's overarching goal of promoting competition and the [Bureau's] expertise in this area, but one requiring deference as the voice of the FCC interpreting its own rules.").

No principle of *PDR Network* or any other case rejects the persuasive authority by mandating that this Court turn a blind eye to the Bureau's latest pronouncement upon the scope and meaning of the TCPA, let alone a statement arising following a lengthy evidentiary and fact-based inquiry in which multiple parties submitted briefs and information. *See, e.g., Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1257 (11th Cir. 2015) ("Because the FCC's construction of the statute is a reasonable interpretation of Congressional intent under the TCPA and does not conflict with the statute's underlying legislative history, we must defer to the Agency's construction of the statute."); *see also Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 286 (2d Cir. 2020) ("the 2003, 2008, and 2012 Orders, among others, …continue to inform our interpretation of the TCPA today."); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955–95 (9th Cir. 2009) (holding that the FCC "ha[d] reasonably interpreted 'call' under the TCPA to encompass both voice calls and text calls," and therefore giving deference to the FCC's interpretation).

The Supreme Court of the United States has "long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). In *Chevron*, the Supreme Court set forth a two-step test for judicial review of administrative agency interpretations of federal law. First, the court must determine "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. at 842–43. Second, if a statute is silent or ambiguous with respect to the issue at hand, the court must defer to the agency so long as "the agency's answer is based on a permissible construction of the statute." *Id*. at 843. An agency's interpretation is permissible, unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id*. at 844.

As noted in Amedisys's Reply (D.E. No. 96), *Chevron* deference should apply in this case. *Accord MCI Telecommunications Corp. v. Ohio Bell Telephone Co.*, 376 F.3d 539, 550 (6th Cir. 2004); *Indiana Bell Telephone Company v McCarty*, 362 F.3d 378, 386 (7th Cir. en banc 2004). First, the TCPA is silent with respect to its application to online fax service. Thus, the intent of Congress on the issue is far from clear. Second, the Bureau's determination that the definition of a "telephone facsimile machine" excludes online fax services is not arbitrary, capricious or manifestly contrary to the statute. Accordingly, the two-prong *Chevron* test has been satisfied and the *Amerifactors* Ruling is entitled to deference.

## Conclusion

Amedisys respectfully requests that the Court grant its motion to modify class definition and enter an Order excluding from the class definition any persons or entities who received the Amedisys faxes at issue through an online fax service.

Respectfully submitted,

  /s/ Kevin C. Baltz
Kevin C. Baltz (#22669)
**BUTLER SNOW LLP**
150 Third Avenue, South, Suite 1600
Nashville, Tennessee 37201
Telephone: (615) 651-6700
Facsimile: (615) 651-6701
Email: Kevin.baltz@butlersnow.com

Gregory R. Hanthorn (admitted pro hac vice)
JONES DAY
1420 Peachtree St., N.E.
Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 581-8425
Facsimile: (404) 581-8330
E-mail: ghanthorn@jonesday.com

*Attorneys for Amedisys Holding, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been forwarded, via the ECF system and/or U.S. First Class Mail, postage prepaid, on this 17th day of June, 2020, to the following:

>Benjamin C. Aaron
>Charles F. Barrett
>NEAL AND HARWELL, PLC
>1201 Demonbreun Street, Suite 1000
>Nashville, TN 37203
>Telephone: 615-244-1713
>Facsimile: 615-726-0573
>baaron@nealharwell.com
>cbarrett@nealharwell.com
>
>Brian J. Wanca
>Ryan M. Kelly
>ANDERSON + WANCA
>3701 Algonquin Road, Suite 500
>Rolling Meadows, IL 60008
>Telephone: (847) 368-1500
>Facsimile: (847) 368-1501
>Bwanca@andersonwanca.com
>rkelly@andersonwanca.com

        /s/ Kevin C. Baltz
        Kevin C. Baltz

53410271.v1