IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ADVANCED REHAB AND MEDICAL,
P.C., a Tennessee corporation, individually
and as the representative of a class of
similarly-situated persons,

    Plaintiff,

v.                                                    No. 1:17-cv-1149-JDB

AMEDISYS HOLDING, L.L.C., a Louisiana
limited liability company,

    Defendant.

## ORDER

Before the Court are three motions: motion of Plaintiff, Advanced Rehab and Medical, P.C. ("Advanced Rehab"), to approve class notice (Docket Entry ("D.E.") 92); motion of Defendant, Amedisys Holding, L.L.C. ("Amedisys Holding"), to decertify the class (D.E. 102); and Plaintiff's motion for revision of the order modifying the class definition (D.E. 111).

In its order granting Amedisys Holding's motion to modify the class definition, (D.E. 100), the Court relied on *In re Matter of Amerifactors Fin. Grp., LLC Pet. for Expedited Declaratory Ruling*, CG Docket Nos. 02-278, 05-338, 34 F.C.C. Rcd. 11950 (2019) [hereinafter "*Amerifactors*"]. The *Amerifactors* decision was a declaratory ruling from the Consumer and Governmental Affairs Bureau, a branch of the Federal Communications Commission ("FCC"), that interpreted "telephone facsimile machine" as not including certain types of "online fax services." *Id*. at 11952 ¶ 8. As a result of this ruling, the Court modified the class definition to exclude fax recipients who received any fax(es) via an online fax service. (D.E. 100.)

Plaintiff subsequently petitioned the Sixth Circuit Court of Appeals to seek permission to appeal this Court's order modifying the class. (*See* D.E. 101.) In its order denying Plaintiff's request to appeal, the Sixth Circuit noted that there was an application for review of the *Amerifactors* ruling pending before the FCC and determined that a decision from the Sixth Circuit addressing the exclusion of recipients of any faxes from an online fax service "might [be] render[ed] obsolete" by the appeal. (D.E. 101 at PageID 6808.)

This Court has the same concern. If this case proceeds, there is a risk that the Court could reach a determination that was inconsistent with the FCC's ultimate decision in *AmeriFactors*. Further, depending on the finding of the FCC and any appeal thereafter, the instant case could be in an entirely different posture which in turn could affect the issues raised in the class certification briefing.

The Court finds that a stay will simplify and streamline the issues raised in this case while also reducing the burden of litigation on the parties and on the Court. Although neither party has requested that the case be stayed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). And, "the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir.1977); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citation omitted).

For the foregoing reasons, this case is STAYED pending resolution of the application for review of the *Amerifactors* determination. The parties are directed to update the Court as to any developments regarding the application for review pending in *Amerifactors*.[1]

IT IS SO ORDERED this 17th day of May 2022.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that some of the attorneys representing the Plaintiff in this case are also representing the plaintiff, Career Counseling, Inc., in the *Amerifactors* case.